UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AUTOMOBILE MECHANICS LOCAL 701, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEORSPACE WORKERS, AFL-CIO<br><br>    Plaintiff,<br><br>    v.<br><br>ELMHURST LINCOLN-MERCURY, INC.<br><br>    Defendant. | Case No.<br>FILED: SEPTEMBER 4, 2008<br>08CV5053<br>JUDGE SHADUR<br>MAGISTRATE JUDGE BROWN<br>AO |

**COMPLAINT TO ENFORCE ARBITRATION AWARD**

Plaintiff Automobile Mechanics Local 701, by and through its attorneys, Jacobs, Burns, Orlove, Stanton & Hernandez, petitions this Court for an order seeking confirmation and enforcement of a labor arbitration award.

JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185 (a), and Section 9 of the Federal Arbitration Act, 9 U.S.C. Sec. 9.

2. Venue is proper in this district as both Plaintiff and Defendant are located within this judicial district.

PARTIES

3. Plaintiff Automobile Mechanics Local 701 ("Local 701") is a labor organization. Local 701 is an affiliate of the International Association of Machinists and Aerospace Workers and has its business office at 500 West Plainfield Road, Countryside, Illinois 60525.

4. Defendant Elmhurst Lincoln-Mercury, Inc. ("Elmhurst") is an employer doing business

in Illinois.

## FACTUAL ALLEGATIONS

5. Local 701 and Elmhurst have been parties to a collective bargaining agreement for the period August 1, 2005 through July 31, 2009 ("Agreement").

6. Article 8 of the Agreement provides for dispute resolution through a grievance and arbitration procedure that includes four steps, the fourth being arbitration before a neutral arbitrator.

7. Step 4 of Article 8 provides that "[t]he decision of the arbitrator shall be final and binding upon the parties."

8. On July 24, 2008, Grievant Pete Bedrosian ("Bedrosian"), an employee of Elmhurst represented by Local 701, was discharged by Elmhurst. Local 701 filed a grievance pursuant to Article 8 of the Agreement and such grievance was processed through the grievance steps culminating with an arbitration hearing on August 14, 2008.

9. Based upon the evidence presented, the Arbitrator ordered Elmhurst, by telephonic notice on August 18, 2008, to offer Bedrosian reinstatement with full rights and benefits. The Arbitrator issued his final award on August 21, 2008, finding that Elmhurst did not have just cause to terminate Bedrosian and directing that Elmhurst offer Bedrosian reinstatement with full rights and benefits as of August 18, 2008, but without any backpay to July 24, 2008.

13. As provided in Article 8, the Award is final and binding.

12. To date, Elmhurst has failed and refused to comply with the Arbitrator's Award.

## RELIEF

Wherefore, Plaintiff Local 701 requests that this Court enter the following relief for it and against Defendant Elmhurst as follows:

  A.  Confirm the Arbitrator's Award and reinstate Grievant, Pete Bedrosian, to his position of Journeyman Technician;

  B.  Order Elmhurst to make Bedrosian whole from August 18, 2008 through the time it offers him reinstatement in accordance with the Arbitrator's Award;

  C.  Order Elmhurst to pay Local 701's reasonable attorneys' fees and costs; and

  D.  All other relief as this Court deems just and proper.

    Respectfully submitted,

    /s/Joseph M. Burns
    Joseph M. Burns
    One of Plaintiff's Attorneys

Joseph M. Burns
Sherrie E. Voyles
Jacobs Burns Orlove Stanton & Hernandez
122 S. Michigan Avenue Suite 1720
Chicago, IL 60603
(312) 372-1646
jburns@jbosh.com
svoyles@jbosh.com